UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL H. JONES,

    Petitioner,

v.

NOAH NAGY, Warden,

    Respondent.

Case No. 24-11567
Honorable Laurie J. Michelson

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS [1], DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

In 2022, Michael H. Jones pled guilty in state court to one count of domestic violence, third offense, and one count of interfering with electronic communication. Jones was sentenced to four to ten years in prison on the domestic violence conviction, and one to four years in prison on the interfering with electronic communication conviction. Jones' convictions and sentence were affirmed on appeal. *People v. Jones*, No. 367475 (Mich. Ct. App. Oct. 12, 2023) (mem.); *appeal denied*, 3 N.W.3d 809 (Mich. 2024) (per curiam).

Jones now turns to federal court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He argues that the state trial court incorrectly scored certain offense variables used to calculate his sentencing guidelines range. Because Jones' sole claim does not entitle him to relief, Jones' habeas petition is DISMISSED.

## I.

Federal district courts are authorized to summarily dismiss a habeas petition if it plainly appears from the face of the petition that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law; otherwise it may be dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (explaining the district court's duty to "screen out" habeas petitions that lack merit on their face); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).

Here, Jones claims that he is entitled to be resentenced because the trial court incorrectly scored three offense variables under the Michigan Sentencing Guidelines. (ECF No. 1. PageID.5.) But this argument is a matter of state law and is not cognizable on federal habeas review. *See Kissner v. Palmer*, 826 F.3d 898, 902 (6th Cir. 2016) (rejecting petitioner's argument that the trial court misapplied the Michigan Sentencing Guidelines because "[F]ederal habeas corpus relief does not lie for errors of state law"); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only.").

Thus, the Court cannot grant relief on Jones' challenge to the scoring of his sentence.

## II.

For these reasons, the Court SUMMARILY DISMISSES Jones' petition for a writ of habeas corpus (ECF No. 1) and DENIES him a certificate of appealability. Any request to proceed in forma pauperis on appeal is GRANTED. A separate judgment will follow.

IT IS SO ORDERED.

Dated: September 30, 2024

                                           s/Laurie J. Michelson
                                           LAURIE J. MICHELSON
                                           UNITED STATES DISTRICT JUDGE